COURT OF APPEALS
DECISION
DATED AND FILED

March 27, 2024

Samuel A. Christensen
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2023AP119**

Cir. Ct. No.  **2021PR149**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN RE THE ESTATE OF KENNETH J. WITZIG, JR.:

MICHAEL P. MCGARRY,

APPELLANT,

V.

RUTH ZAMBO, ASSOCIATED BANK N.A., DAVID JOHNSON AND MICHELLE JOHNSON,

RESPONDENTS.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL P. MAXWELL, Judge. *Reversed and cause remanded for further proceedings*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Michael P. McGarry appeals the circuit court's grant of judgment on the pleadings in favor of Ruth Zambo, David Johnson, Michelle Johnson, and Associated Bank N.A.  McGarry argues the circuit court erred when it determined that a 2020 quitclaim deed did not revoke a 2016 transfer-on-death ("TOD") beneficiary designation and that the WIS. STAT. § 705.15(8) (2021-22)[1] statute of repose barred McGarry's claims.  We conclude the 2020 quitclaim deed revoked the 2016 TOD beneficiary designation and the § 705.15(8) statute of repose does not apply to McGarry's claims.  We reverse and remand for further proceedings.

¶2      As relevant to this appeal, Kenneth J. Witzig, Jr., who was unmarried and had no children, owned a lake house ("Property").  McGarry was Witzig's neighbor.  In 2013, Witzig executed a TOD deed naming McGarry as the grantee of the Property upon Witzig's death and a will naming McGarry as the beneficiary and heir of Witzig's estate.  Zambo was Witzig's financial advisor.  In 2016, Witzig executed a TOD deed naming Zambo as the grantee upon Witzig's death and a will naming Zambo as the beneficiary and heir of Witzig's estate.

¶3      In 2020, as part of a reverse mortgage transaction, Witzig executed and had recorded a quitclaim deed that named himself as both grantor and grantee of the Property.  Witzig died on February 17, 2021.  On February 24, Zambo had the Waukesha County Register of Deeds record a termination of decedent's interest

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

("TODI") in the Property, naming herself as transferee of Witzig's property. On March 1, Zambo opened a probate matter in regard to Witzig's estate.[2]

¶4      On July 6, Zambo, via a warranty deed, conveyed the Property to David and Michelle Johnson. A mortgage naming Associated Bank as mortgagee and the Johnsons as mortgagors was signed the same day. The deed and mortgage were recorded on August 5, 2021. However, on July 29, after Zambo sold the Property but before the Johnsons' deed and mortgage were recorded, McGarry had a lis pendens recorded on the Property.

¶5      On September 17, McGarry filed a declaratory action, alleging that he had an interest in the Property as the beneficiary of McGarry's will, that when Witzig executed and had recorded the 2020 quitclaim deed, Zambo's status as a TOD beneficiary was revoked, that, because Zambo was no longer a TOD beneficiary, she could not confirm her interest through the filing of a TODI, and that Zambo did not have title to the Property when she conveyed it to the Johnsons. McGarry argued that any purported sale of the Property was void. McGarry sought a judgment declaring the Property to be transferred into Witzig's probate estate.[3]

¶6      Zambo and the Johnsons moved for judgment on the pleadings. Zambo and the Johnsons argued McGarry failed to file his declaratory complaint and record his lis pendens within 120 days of Witzig's death. They argued McGarry's challenge was untimely pursuant to WIS. STAT. § 705.15(8), which provides:

---

[2] On April 22, McGarry appeared in the probate matter and objected to the Zambo's petition. McGarry argued that he was Witzig's beneficiary and that the 2016 will naming Zambo was procured by Zambo's undue influence.

[3] The circuit court consolidated the probate matter with the civil declaratory action.

> Unless previously adjudicated in a formal testacy proceeding or otherwise barred, the claim of any claimant to recover real property transferred to a TOD beneficiary under this section is barred unless, by no later than 120 days after the death of the sole owner or the last to die of multiple owners, a complaint is filed in an action in which the relief demanded may confirm or change interests in the real property transferred under this section and a lis pendens is filed or recorded in each county where any part of the real property is located.

They also argued the 2020 quitclaim deed did not revoke Zambo's status as a TOD beneficiary.

¶7      In opposition to Zambo's and the Johnsons' motions, McGarry argued WIS. STAT. § 705.15(8)'s statute of repose did not apply because that subsection only applied to claims challenging transfers to a TOD beneficiary and Zambo was not a TOD beneficiary at the time of Witzig's death. McGarry contended that, as a matter of law, Witzig's 2020 quitclaim deed revoked Zambo's status as a TOD beneficiary.

¶8      Following a hearing, the circuit court issued a written decision granting Zambo's and the Johnsons' motions for judgment on the pleadings and dismissing McGarry's declaratory complaint. The circuit court concluded Witzig's 2020 quitclaim deed did not revoke Zambo's status as a TOD beneficiary. It reasoned:

> Quitclaim deeds cannot designate or extinguish a transfer-on-death beneficiary because they do not contain the correct elements according to WIS. STAT. § 705.15(2)(a). In addition, a quitclaim deed transferring the grantee's interest to himself as the grantor does not extinguish the interests conveyed in a Transfer-on-Death deed. There is no language in any documentation that conveys Witzig's intent to remove Zambo as a transfer-on-death beneficiary.

The circuit court explained that because Zambo was the TOD beneficiary at the time of Witzig's death, McGarry was required to file his complaint and record his lis pendens challenging the transfer within 120 days of Witzig's death. *See* WIS. STAT. § 705.15(8). Because McGarry's filings were outside the deadline set by § 705.15(8), he was too late to challenge the transfer of the Property. McGarry appeals.

¶9      Owners of real property may record a deed with a TOD provision. *See* WIS. STAT. § 705.15. Such a provision, however, "does not affect ownership of the property until the death of the sole owner." § 705.15(3).

> The designation may be canceled or changed at any time by the sole owner …, without the consent of the TOD beneficiary, by executing and recording another document that designates a different TOD beneficiary or no beneficiary. The recording of a document that designates a TOD beneficiary or no beneficiary revokes any designation made in a previously recorded document relating to the same property interest.

*Id.*

¶10     On appeal, McGarry argues that pursuant to WIS. STAT. § 705.15(3), Witzig's 2020 quitclaim deed revoked Zambo's status as a TOD beneficiary because the quitclaim deed was a recorded document that listed no TOD beneficiary. McGarry also argues that § 705.15(8)'s 120-day statute of repose does not apply in this case because that statute only applies to claims challenging transfers to a TOD beneficiary and Zambo was not a TOD beneficiary at the time of Witzig's death.

¶11     Zambo, the Johnsons, and Associated Bank (collectively, the Respondents) argue the 2020 quitclaim deed did not revoke the TOD beneficiary designation because the quitclaim deed did not mention the TOD designation. They argue that to qualify as "another document that designates … no beneficiary," *see*

WIS. STAT. § 705.15(3), the recorded document must contain the elements as listed in § 705.15(2)(a).[4] The Respondents also contend Witzig did not intend to revoke the TOD beneficiary designation through the quitclaim deed because the quitclaim deed states "subject to matters of record." Finally, they argue § 705.15(8)'s 120-day statute of repose bars McGarry's action.

¶12 We agree with McGarry and reject the Respondents' arguments. First, pursuant to the plain language of WIS. STAT. § 705.15(3), all that is required to revoke a TOD beneficiary is that the property owner record a document that does not designate a TOD beneficiary. *See* § 705.15(3); *see also* **State ex rel. Kalal v. Circuit Ct. for Dane Cnty.**, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 ("[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" (citation omitted)). Section 705.15(3) explicitly states: "The recording of a document that designates … no beneficiary revokes any designation made in a previously recorded document relating to the same property interest."

---

[4] WISCONSIN STAT. § 705.15(2)(a) provides:

*A TOD beneficiary may be designated* on a document that includes all of the following:

   1. The name of the owner or owners of the interest in real property that will be transferred.

   2. The name of the designated TOD beneficiary.

   3. That the transfer is effective only upon the death of the owner or owners.

   4. If the interest that will be transferred is an interest in real property owned by a spouse as marital property, the signatures of both spouses who have an interest in the marital property.

(Emphasis added).

¶13 In this case, in 2020, Witzig, as sole owner of the property, executed and recorded another document that did not designate a TOD beneficiary. *See* WIS. STAT. § 705.15(3). Specifically, he executed a quitclaim deed that listed himself as both grantor and grantee and conveyed to himself his entire interest in the Property. *See* WIS. STAT. § 706.10(4) ("A quitclaim deed shall pass all of the interest in or appurtenant to the land described which the grantor could lawfully convey, but shall not warrant or imply the existence, quantity or quality of any such interest."). Because the quitclaim deed contained no TOD beneficiary, the recording of the quitclaim deed "revoke[d] any designation made in a previously recorded document relating to the same property interest." *See* § 705.15(3). Accordingly, the 2020 quitclaim deed revoked Zambo's status as a TOD beneficiary.

¶14 The Respondents' argument that to revoke a TOD beneficiary designation, the recorded document must contain the elements as listed in WIS. STAT. § 705.15(2)(a) ignores the plain language of § 705.15(3). Section 705.15(2)(a) provides a document *designating* a TOD beneficiary must include: the name(s) of the property owner(s), the name of the TOD beneficiary, a statement that the transfer is only effective upon death of the owner, and, if the property is martial property, the signatures of both spouses. These requirements, however, are not needed if the owner is *revoking* a TOD beneficiary by recording a document that lists no TOD beneficiary. *See* § 705.15(3).

¶15 The Respondents also argue that Witzig did not intend to revoke Zambo's status as a TOD beneficiary through the filing of the quitclaim deed. However, "[i]n conveyances of land … every conveyance shall pass all the estate or interest of the grantor unless a different intent shall appear expressly or by necessary implication in the terms of such conveyance." WIS. STAT. § 706.10(3). Here, the 2020 quitclaim deed did not explicitly reserve Zambo's status as a TOD beneficiary.

Zambo's status as a TOD beneficiary was revoked when the 2020 quitclaim deed was recorded on the Property.

¶16    Finally, we conclude WIS. STAT. § 705.15(8)'s statute of repose does not apply in this case. Section 705.15(8) requires claimants to file claims "to recover real property transferred to a TOD beneficiary" within 120 days after death of the property owner. Here, Zambo was not a "TOD beneficiary" at the time of Witzig's death. Accordingly, McGarry's declaratory action and lis pendens were not untimely filed pursuant to § 705.15(8). We therefore reverse the order of the circuit court and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.